Storrs, C. J.
The defendants, in reply to the evidence derived by the plaintiffs from the bank book received by their testator from the defendants, offered evidence to show the circumstances under which the estimate of the stock was made in that book, and its object, in order to detract from its weight, *250 and that that estimate was intended to be the nominal and not the net value of the stock,’ and also to prove what was the real value of the several assets which composed the property of the defendants. The plaintiffs objected to this evidence only on the ground that the entry in that book was conclusive as to the value of the stock, and that the defendants therefore were precluded thereby from showing that it was of a less value. This objection was overruled,’and in our opinion correctly,'and no further objection was made by the plaintiffs to the inquiry thereupon made by the-defendants, as to the real-value of the assets of the defendants’ company. This inquiry of course assumed that the proper mode of determining the value of the stock of the company was by ascertaining the real value of the several items of property, belonging to it, and the trial proceeded on that ground by the common consent of both the parties, each of them adducing, without objection, evidence of the-real válue of those several items, for the purpose of ascertaining the [ *306 ][ value *of the stock of the plaintiffs’ testator. It would hot therefore be now competent -for the plaintiffs to claim, nor do they.insist before us,- that it was not a proper course of inquiry for that purpose, or that such evidence was inadmissible. They now claim only that, conceding it to be competent for the latter to show the value of their testator’s stock in this mode, the court below committed no error in its decisions in regard to the evidence offered by the defendants on that inquiry. Hence we must, in deciding this- motion, treat that course of inquiry as if it had been proper.
We think that the court below erred in receiving the opinion of the judge of probate as to the pecuniary ability of H. D. Smith, for the purpose of rebutting the evidence adduced by the defendants to show that he was destitute of' property: The witness did not profess to have any knowledge whatever in regard to the property or pecuniary circumstances of Smith, ■or any .means of forming a judgment or opinion on that subject, excepting from the style in which he and his family lived, the manner of his leaving the state, and the fact that he had made, before the court-of probate, ho disclosure of-his-property under oath, in the proceedings in insolvency against him. Although, as to the value of property we resort to- the judgment or opinion of persons acquainted with it, its existence and ownership .are facts to be -proved, whether directly or otherwise, like other facts,- by the knowledge of witnesses, and not-by their opinions, inferences or surmises, derived from whatever source. The-present as not like the cases where an opinion is sought of an expert; - or those.in which, for .certain- purposes, the reputa *251 tion of a person as to pecuniary ability may be shown by witnesses who have no personal knowledge of his situation. The inquiry here was not whether Smith was reputed to be, but whether he was in fact, destitute of property. On such an inquiry nothing could be more dangerous than to receive the opinions of pei’sons founded on such fallacious grounds as common rumor, or a man’s professions as to his circumstances, or the representations or opinions of others, or, what in many cases is still less to be relied on, his style or manner of living.
*As a new trial must be granted on this ground, it [ *807 ] is not necessary to examine the other rulings on the evidence offered bv the defendants and excluded, especially because the points involved in them will probably not arise on a re-trial of the case.
We would however remark, that, in our opinion, the construction of the 2d section of the 4th article of the constitution of the defendants which was adopted by the court below, furnished an imperfect if not erroneous guide to the jury in determining the value of the assets of the defendants. On the supposition that the plaintiffs were entitled to a proportion of the value of the property of the defendants’ company, we think that such value should be taken at the sum which it would bring on a sale of it conducted fairly and in the usual manner of selling such property, so however that on the one hand the sale should not take place when there was a temporary depression of its value in the market, or on the other, be delayed in the expectation of an unusual or speculative advance in its price. This excludes the claim of the defendants, that the property should be estimated as if it were at all events to be immediately sold, or the affairs of the company were to be immediately wound up; and it also excludes the claim of the plaintiffs, and which was adopted by the court below, that it should be estimated at what it would be worth in the hands of a prudent and reasonable man ; which last requirement, if not unintelligible, or incapable of practical application, rather convej's the idea, which we think an erroneous one, that if such an owner would keep the property in the expectation or hope of an extraordinary or speculative rise in the market, it was to be estimated with reference to such a rise. The proof of the defendants ought not therefore to have been confined to its value in the hands of such an owner.
It is our prevailing opinion, however* that the, damages to which the plaintiffs were entitled in this, case, were not to be ascertained by the proportion of the value of the company’s assets which the number,¡of shaves of . its stock held by their tes *252 tator bore to the whole stock, but that they were entitled to the value of his shares in the market, determined by the sum which, sold as such shares, they would have [ *308 J there brought, *and which, like the prices of shares in the stock of.similar and other incorporated companies, would not, as is well known, be governed wholly by the intrinsic value of their assets, but would depend also upon various other circumstances. This is the general mode of estimating or appraising such property when it becomes necessary to determine its value ; and the great difficulty and inconvenience of ascertaining it by an inquiry into the value of every item of property belonging to such companies and the deductions proper to be made from their gross amount, has induced us, notwithstanding some of the language of the constitution of the defendant’s company furnishes a plausible ground in'favor of the course of inquiry on the trial, to adopt the rule for determining the value of the stock which we have mentioned, as the best practicable one which can be devised. This rule rendered admissible the inquiries of the defendants as to the market value of the shares of stock in question.
A'new trial is therefore advised.
In this opinion the other judges concurred.
New trial advised.